# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVE SCHUTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   10-CV-2284 WEB/KMH |
| PHILLIPS & COHEN & ASSOCIATES, LTD. | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, STEVE SCHUTZ, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, PHILLIPS & COHEN ASSOCIATES, LTD., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. STEVE SCHUTZ, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Overland Park, County of Johnson, State of Kansas.

1

5. PHILLIPS & COHEN ASSOCIATES, LTD, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is incorporated in the State of Delaware.

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to Advanta Bank.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

## IV. ALLEGATIONS

9. In or around January of 2010, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to Advanta Bank.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. On or about February 10, 2010, Ms. Ingram, Defendant's duly authorized agent, initiated a telephone call to Plaintiff in a further attempt to collect a debt allegedly owed by Plaintiff.

12. During the aforementioned telephone call, Defendant advised Plaintiff that it was representing Advanta Bank in relation to a debt allegedly owed by Plaintiff.

13. During the aforementioned telephone call, Defendant failed to apprise Plaintiff that it was a debt collector, attempting to collect a debt, and that any information obtained would be used for that purpose.

14. During the aforementioned telephone call, Defendant stated that if Plaintiff did

not pay Defendant for the debt he allegedly owed then Defendant would initiate legal action against Plaintiff. Defendant told Plaintiff it had already investigated Plaintiff and determined it was appropriate to bring a lawsuit against him.

15. During the aforementioned telephone call, Defendant told Plaintiff that if a lawsuit was filed against him the amount of the debt owed would increase by twenty-five percent (25%) due to legal fees.

16. During the aforementioned telephone call, Defendant told Plaintiff that if he did not settle the debt he allegedly owed by paying Defendant in full within the next three (3) hours then Defendant would have a judgment entered against him and that a lien would be placed against Plaintiff's home.

17. At no time during the aforementioned telephone conversation did Ms. Ingram apprise Plaintiff that she was not an attorney.

18. The implication of the aforementioned statements, and given Defendant's failure to apprise Plaintiff that it was a debt collector, was that Ms. Ingram, was an attorney.

19. Upon information and belief, Ms. Ingram, is not an attorney.

20. Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

21. Upon information and belief, at the time of making the aforementioned threats, Defendant was not prepared to obtain a judgment against Plaintiff.

22. Upon information and belief, at the time of making the aforementioned threats, Defendant was not licensed to practice law in the State of Kansas.

23. Upon information and belief, at the time of making the aforementioned threats, Defendant had no employee(s) who was licensed to practice law in the State of Kansas.

24. During the aforementioned telephone call between Plaintiff and Defendant, Defendant threatened to garnish Plaintiff's wages if Plaintiff did not reach a settlement with Defendant.

25. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt he allegedly owed.

26. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt he allegedly owed.

27. During the aforementioned voicemail messages, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

28. On or about February 26, 2010, Plaintiff's counsel sent correspondence advising Defendant of counsel's representation of Plaintiff.

29. On or about March 19, 2010, Plaintiff's counsel sent additional correspondence to Defendant.

30. Defendant was aware of Plaintiff's counsel's representation of Plaintiff.

31. Despite being advised that Plaintiff was represented by counsel, Defendant initiated a telephone call to Plaintiff on or about March 25, 2010.

32. During the aforementioned telephone call to Plaintiff, Ms. Ingram, Defendant's duly authorized agent told Plaintiff that because he had not responded to Defendant's telephone calls that Plaintiff's file had been forwarded to her to be finalized. Defendant stated that if Plaintiff wanted to cooperate and handle the matter out of Court then Plaintiff would need to contact Defendant.

33. Despite being advised that Plaintiff was represented by counsel, Defendant sent a correspondence to Plaintiff in or around April of 2010 in a further attempt to collect the debt allegedly owed by Plaintiff.

34. In its attempts to collect the debt allegedly owed by Plaintiff to Advanta Bank, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

  a. Communicated with the consumer after the debt collector knew the consumer was represented by an attorney with regards to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address and said attorney did not fail to respond within a reasonable period of time to communications from the debt collector, in violation of 15 U.S.C. §1692b(6);

  b. Communicated with the consumer despite knowing that the consumer was represented by an attorney with respect to the debt allegedly owed by Plaintiff and said attorney had not consented for Defendant to have direct communication with Plaintiff in violation of 15 U.S.C. §1692c(a)(2);

  c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

  d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

  e. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

  f. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

  g. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

  h. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

i. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

j. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

k. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

35. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND & TRIAL LOCATION

36. Plaintiff hereby demands a trial by jury on all issues so triable.

37. The Plaintiff, STEVE SCHUTZ, by and through his attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully request that the trial of this matter proceed in Kansas City.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEVE SCHUTZ, by and through his attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

                                      Respectfully submitted,
                                      **STEVE SCHUTZ**
                            By:   s/ Sarah R. O'Loughlin
                                      Attorney for Plaintiff

Dated: April 30, 2010

Sarah R. O'Loughlin (Atty. No.: 22928)
LARRY P. SMITH & ASSOCIATES, LTD.
5822 Marion Street
Shawnee, KS 66218
Telephone:   (888) 595-9111 (x819)
Facsimile:   (888) 418-1277
E-Mail:        soloughlin@smithlaw.us